**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHANEL RODRIGUEZ VALERIO, | Civil Action No. 26-5899 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's habeas petition (ECF No. 1) and motion seeking a temporary restraining order (ECF No. 2) through which Petitioner seeks to challenge the bond hearing he received before an immigration judge.  Following an order to answer, the Government filed a response to the petition (ECF No. 15), to which Petitioner replied.  (ECF No. 16.)  For the following reasons, Petitioner's habeas petition is denied.

I.    **BACKGROUND**

As this Court explained in deciding Petitioner's previous habeas petition,

> Petitioner is a native and citizen of the Dominican Republic who entered the United States on a non-immigrant visitor visa on February 5, 2025.  Although that visa expired and required Petitioner to depart as of August 4, 2025, Petitioner did not depart but remained in the United States.  On March 11, 2026, petitioner was arrested during a targeted enforcement operation and was placed into immigration detention pending the outcome of his removal proceedings [pursuant to 8 U.S.C. § 1226(a)].  Following his arrest, Petitioner initially requested a bond hearing before an immigration judge.  A bond hearing was scheduled for him for April 9, 2026.  When Petitioner appeared for the hearing, he requested more time to prepare, and the immigration judge therefore deemed

1

> the request for a bond hearing withdrawn. Petitioner did not [immediately] file a request for a new bond hearing, but instead [filed a habeas petition requesting] that this Court order his release without requiring him to go through this process as he believes it unlikely to produce his release. Although Petitioner has now been ordered removed by an immigration judge, he has appealed that decision to the Board of Immigration Appeals and does not have a final order of removal at this time.

*Valerio v. Soto*, No. 26-3337, 2026 WL 1382775, at *1 (D.N.J. May 18, 2026).

On May 18, 2026, this Court denied Petitioner's initial habeas petition as unexhausted as Petitioner was entitled to seek bond before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, and was therefore required to do so prior to pursuing habeas relief. *Id.* at *1-2. Petitioner thereafter filed a request for a bond hearing, which was held on May 21, 2026. (*See* ECF No. 15-2.)

At Petitioner's bond hearing, Petitioner was represented by counsel, who presented evidence and arguments on his behalf and requested Petitioner's release on bond. (*Id.* at 3-6.) The Government thereafter presented its opposition to Petitioner's release. (*Id.* at 6-7.) Following the presentation of Petitioner's evidence and the Government's opposition, the immigration judge considered Petitioner's arguments, found that Petitioner was not a danger to the community but that the judge found Petitioner "poses a flight risk such that no amount of bond can mitigate." (*Id.* at 7.) The immigration judge based this decision at least in part on Petitioner's brief time in the United States, the fact that Petitioner had a removal order pending appeal whose merits were speculative at best, that Petitioner had overstayed a visa and not sought to correct or update his status in timely fashion before being taken into custody. (*Id.*) Although the immigration judge found that Petitioner did have some community ties in the form of his child who lives in Massachusetts, that those positive facts were outweighed by the flight risk implied by Petitioner's history, and thus found that Petitioner was a flight risk and not entitled to bond. (*Id.*) Petitioner

was therefore denied bond, and was informed of his right to appeal that decision to the Board of Immigration Appeals. (*Id.* at 7-8.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his habeas petition, Petitioner seeks to challenge the outcome of the bond hearing he received before an immigration judge pursuant to 8 U.S.C. § 1226(e). Petitioner's bond hearing was held pursuant to 8 U.S.C. § 1226(a). Under that statute, the Government may detain aliens subject to removal proceedings, but at the alien's request, the alien must be accorded a bond hearing at which he, and not the Government, bears the burden of demonstrating that he is neither a flight risk nor a danger to the community. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives a bond hearing and his request for bond is denied, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a Petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (arguments as to the

3

weighing of evidence by an immigration judge or the ultimate denial of bond "challenge[] . . . discretionary determination[s] that [district courts] may not review."). Instead, this Court may only review bond hearings under the statute for fundamental fairness. *Id.* An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . interests." *Id.*

In this matter, Petitioner received all that Due Process requires. Petitioner was permitted to and did present evidence and arguments on his behalf at his bond hearing, and the immigration judge reached an individualized determination of his interests in denying him bond. Although Petitioner argues that his bond hearing was *pro forma* and that the denial of bond was no more than a "check box" decision based on the bond order issued after the hearing, the transcript of the bond hearing clearly shows that he was permitted to present his evidence and arguments, and that the immigration judge considered and weighed those arguments before denying him bond. Indeed, the immigration judge explained that decision in the transcript of the hearing, specifically finding that Petitioner was not a danger, but was a flight risk in light of his immigration history and speculative appeal of his removal order. That Petitioner, or even this Court, may disagree with that weighing of evidence or the ultimate outcome of his bond hearing is no basis for habeas relief, and this Court is without jurisdiction or authority to override the immigration judge's decision. 8 U.S.C. § 1226(e); *Ghanem*, 2022 WL 574624 at *2. As Petitioner received a fundamentally fair bond hearing, he has failed to show a valid basis for habeas relief, and his petition must therefore be denied. Petitioner's motion seeking a temporary restraining order shall in turn be denied without prejudice as moot in light of the denial of his habeas petition.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**, and Petitioner's motion seeking a temporary restraining order (ECF No. 2) is **DENIED WITHOUT PREJUDICE** as moot in light of the dismissal of his habeas petition.   An appropriate order follows.


Date: July 20, 2026

           s/ Zahid N. Quraishi
          **ZAHID N. QURAISHI**
          **UNITED STATES DISTRICT JUDGE**