**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHANEL RODRIGUEZ VALERIO,<br><br>*Petitioner*,<br><br>v.<br><br>LUIS SOTO, *et al*.,<br><br>*Respondents*. | Civil Action No. 26-5899 (ZNQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court on the Motion for Reconsideration of Petitioner Chanel Rodriguez Valerio ("Petitioner"), which asks the Court to reconsider its July 20, 2026 Opinion and Order denying his habeas petition. (ECF No. 20.) The Respondents opposed the Motion (ECF No. 21), and Petitioner replied (ECF Nos. 22, 23). Also before the Court are two emergent applications in which Petitioner asks the Court to restrain his transfer outside the District of New Jersey while the Motion is pending. (ECF Nos. 19, 24.) For the following reasons, the Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART**, and the emergent applications are **DENIED AS MOOT**.

## I. BACKGROUND[1]

Petitioner is a native and citizen of the Dominican Republic who entered the United States on a nonimmigrant visitor visa on February 5, 2025, and remained after the visa expired on August 4, 2025. (ECF No. 17 at 1.) He was arrested on March 11, 2026, and has been detained at the Delaney Hall Detention Facility in Newark, New Jersey, since that date. (*Id.* at 1; ECF No. 24 at 1.) He remains in removal proceedings, and his appeal from an immigration judge's removal order is pending before the Board of Immigration Appeals. (ECF No. 17 at 2; ECF No. 24 at 2.)

The Court denied Petitioner's first habeas petition as unexhausted because he had not pursued the bond hearing available to him under 8 U.S.C. § 1226(a). *Valerio v. Soto*, No. 26-3337, 2026 WL 1382775, at *1–2 (D.N.J. May 18, 2026). Petitioner then requested and received a bond hearing before an immigration judge on May 21, 2026. (ECF No. 17 at 2; ECF No. 15-2.) Petitioner was represented by counsel, who argued for release on bond. Counsel told the immigration judge, *inter alia*, that Petitioner lives in Newark with his "common-law wife," their six-year-old son, and two stepchildren; that his son has been diagnosed with ADHD and depends on him for care; that his mother is a lawful permanent resident who has filed a visa petition on his behalf; that he has a pending appeal before the Board of Immigration Appeals and no criminal history; and that he has a bond sponsor, a United States citizen who has known Petitioner for eight years and who offered to ensure Petitioner's attendance in court and to keep in touch with counsel. (ECF No. 15-2 at 5:2–45, 6:1–19.) The Respondents opposed release. (*Id.* at 6:30–7:8.)

The immigration judge found that Petitioner was not a danger to the community but that he "poses a flight risk such that no amount of bond can mitigate." (*Id.* at 7:10–12.) The immigration judge explained that Petitioner has been in the United States for only about a year; that he is subject

[1] The Court recounts only the facts and procedural history necessary to decide the pending applications. Citations to the immigration court hearing transcript (ECF No. 15-2) are to the page numbers assigned by the ECF system, followed by line numbers.

to a removal order, the appeal of which the immigration judge viewed as speculative; that he did not follow up on applying for relief despite being advised to do so; that he overstayed his visa with no indication that he sought to extend his stay lawfully; and that, based on the record and counsel's statements about Petitioner's six-year-old child in the United States, it did not appear that the visa was applied for in earnest. (*Id.* at 7:12–20.) The immigration judge acknowledged that Petitioner "has family ties in the United States and employment," but found that the flight risk factors outweighed "the positive factors in the United States, such as the employment and family ties," and denied bond because Petitioner "did not establish he did not pose a flight risk." (*Id.* at 7:20–24.)

Petitioner filed this second habeas petition on May 22, 2026, challenging the fundamental fairness of that hearing. (ECF No. 1.) The Respondents responded (ECF No. 15), and Petitioner replied (ECF No. 16). In his reply, Petitioner argued, among other things, that the immigration judge made a "no amount of bond" finding "without addressing the United States citizen sponsor who offered to secure Petitioner's appearance." (ECF No. 16 at 2, 4–5.) On July 20, 2026, the Court denied the petition. (ECF Nos. 17, 18.) The Court explained that 8 U.S.C. § 1226(e) bars review of an immigration judge's weighing of the evidence, that the Court's review is limited to whether the bond hearing was fundamentally fair, and that Petitioner's hearing was fundamentally fair because he presented evidence and argument and the immigration judge reached an individualized determination. (ECF No. 17 at 3–4.) As relevant here, the Opinion stated that the immigration judge "found that Petitioner did have some community ties in the form of his child who lives in Massachusetts." (*Id.* at 2.)

Petitioner filed an emergent application the same day, asking the Court to enjoin his transfer outside the District pending post-judgment proceedings. (ECF No. 19; *see* ECF No. 24 at 1–2.) On July 29, 2026, Petitioner moved for reconsideration. (ECF No. 20.) The Respondents

opposed the Motion (ECF No. 21), and Petitioner applied for leave to reply and filed a reply (ECF Nos. 22, 23; ECF No. 24 at 2). The Motion has been fully briefed since September 8, 2026.

On October 22, 2026, Petitioner renewed his transfer request under the All Writs Act, 28 U.S.C. § 1651(a). (ECF No. 24.) The application rests on an account from Petitioner's partner, who states that on October 21, 2026, Petitioner told her in a series of telephone calls that his commissary access had been removed; that he had been given a bag and a document and asked to sign so that he could be moved; that he was told to pack; and that, at about 11:00 p.m., he was being taken downstairs to wait. (*Id.* at 2, 9.) She has not heard from him since. (*Id.*) Counsel reports that no transfer has been independently confirmed as scheduled or ordered and that, as of the morning of October 22, 2026, the ICE Online Detainee Locator System continued to list Petitioner at Delaney Hall. (*Id.* at 3.) According to Petitioner's counsel, counsel for the Respondents advised by e-mail that he would inquire with ICE regarding Petitioner's location and any transfer and that Respondents "would take no position on any application for a transfer injunction." (*Id.* at 4.)

## II. <u>LEGAL STANDARD</u>

Petitioner moves under Local Civil Rule 7.1(i) and, in the alternative, Federal Rule of Civil Procedure 59(e). (ECF No. 20 at 1.) The Motion was filed nine days after the Court's Opinion and Order and is timely under either provision. *See* L. Civ. R. 7.1(i) (14 days); Fed. R. Civ. P. 59(e) (28 days). Petitioner styled the Motion as a letter rather than a notice of motion with a supporting brief, *see* L. Civ. R. 7.1(d)(1), but the Court considers it on the merits.

A motion for reconsideration serves "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). The movant must therefore show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact

or to prevent manifest injustice." *Id.*; *accord Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Local Civil Rule 7.1(i) likewise requires the movant to set forth "concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Rule's term "overlooked" has been read to reach only facts and legal arguments that, had the court considered them, might reasonably have resulted in a different conclusion. *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612–13 (D.N.J. 2001).

A motion under Rule 59(e) "may not be used to relitigate old matters," or to raise arguments that "could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Nor does mere "disagreement with the Court's decision" suffice. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). And at every stage, the Court "must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

## III. DISCUSSION

Petitioner advances two grounds for reconsideration. First, he contends that the Opinion clearly erred in stating that the immigration judge found community ties "in the form of his child who lives in Massachusetts," when the record shows that his child lives with him in Newark. (ECF No. 20 at 3; *see* ECF No. 17 at 2.) Second, he contends that the Court overlooked that the immigration judge made a categorical "no amount of bond" finding without addressing Petitioner's bond sponsor, and therefore did not render the individualized determination that fundamental fairness requires. (ECF No. 20 at 2–3.) Petitioner states that he does not ask the Court to reweigh the evidence or to disturb the immigration judge's discretionary balance. (*Id.* at 1, 3.) The Court has considered the Respondents' opposition and Petitioner's reply and addresses each ground in turn.

**A. The Description of Petitioner's Child's Residence**

Petitioner is correct that the Opinion misdescribed one detail of the record. The immigration judge made no finding about where Petitioner's child lives; the only references to Massachusetts at the hearing concerned where Petitioner's son was born. (ECF No. 15-2 at 5:14–22.) Counsel had already told the immigration judge that Petitioner lives in Newark with his family. (*Id.* at 5:4–7.) The Court will correct the sentence accordingly.

That said, the point does not warrant reconsideration. The misstatement had no bearing on the Court's decision, which rested on § 1226(e)'s bar on review of an immigration judge's weighing of the evidence and on the fundamental fairness of the hearing. (ECF No. 17 at 3–4.) Petitioner does not contend otherwise; he disclaims any request that the Court reweigh the flight risk and community-ties factors. (ECF No. 20 at 1, 3.) Nor does the error reflect any misapprehension by the immigration judge, who acknowledged Petitioner's family ties and employment, treated them as positive factors, and weighed them against the flight risk factors. (ECF No. 15-2 at 7:20–24.) Petitioner's contention that his son's residence in Newark makes his community ties "materially stronger" (ECF No. 20 at 3) is, in substance, a challenge to the weight those ties deserved, and that weighing belongs to the immigration judge. 8 U.S.C. § 1226(e); *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (not precedential). Reconsideration is reserved for matters that, had they been considered, might reasonably have resulted in a different conclusion, *see Summerfield*, 264 F.R.D. at 145, and the Court must disregard errors that do not affect a party's substantial rights, *see* Fed. R. Civ. P. 61. A correction to a detail that played no part in the ruling is not such a matter, and Petitioner's reliance on it is misplaced.

The Court will therefore grant the Motion on this ground only to the limited extent of correcting the Opinion. The sentence at page 2 of the Opinion that begins "Although the

immigration judge found that Petitioner did have some community ties" is amended to read: "Although the immigration judge acknowledged that Petitioner has family ties in the United States and employment, the judge found that those positive factors were outweighed by the flight risk implied by Petitioner's history, and thus found that Petitioner was a flight risk and not entitled to bond." The Court's conclusions are otherwise unchanged.

**B. The Sponsor Evidence and the Individualized-Determination Requirement**

Petitioner's principal argument is that the immigration judge's finding of a flight risk "such that no amount of bond can mitigate" was a categorical determination that could not properly be made without addressing the bond sponsor Petitioner offered, and that the Opinion overlooked the point by treating the opportunity to present evidence as the equivalent of an individualized determination. (ECF No. 20 at 2–3.) The Court is not persuaded.

*The argument is properly before the Court, and the Court considers it on the merits.* Petitioner alleged in his petition that the immigration judge's flight risk finding, entered "in the face of" a record that included a United States citizen bond sponsor, was not a genuine individualized assessment (ECF No. 1 ¶¶ 4, 27, 46–47, 53), and he argued in his reply that the "no amount of bond" finding was made "without addressing the United States citizen sponsor who offered to secure Petitioner's appearance" (ECF No. 16 at 2, 4–5). The Opinion rejected Petitioner's contention that the hearing was "pro forma" and the denial a "check box" decision (ECF No. 17 at 4), but it did not discuss the sponsor by name. The Court will therefore treat the argument as one the Opinion did not separately address and will consider it now. For the reasons below, it does not change the result.

*The hearing was fundamentally fair.* A bond hearing is fundamentally fair if the detainee receives (1) factfinding based on a record produced before the decisionmaker and disclosed to him, (2) the opportunity to make arguments on his own behalf, and (3) "an individualized determination

of his [or her] interests." *Ghanem*, 2022 WL 574624, at *2 (citing *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005)). Petitioner does not dispute that he received the first two. (ECF No. 16 at 4.) He was represented by counsel, submitted documentary evidence, and argued for release at length, including by presenting his sponsor. (ECF No. 15-2 at 4:13–17, 5:2–6:19.) He challenges only the third.

An individualized determination is one that rests on the circumstances of the particular person before the decisionmaker rather than on a categorical rule. The immigration judge's ruling meets that description. The immigration judge found that Petitioner is not a danger, and found that he is a flight risk based on facts specific to him: the brevity of his residence in the United States, his removal order and the immigration judge's assessment of his appeal, his failure to pursue relief after being advised to do so, his overstay with no indication that he sought to extend his stay, and the immigration judge's doubts about whether his visa was obtained in earnest. (ECF No. 15-2 at 7:10–20.) The immigration judge then acknowledged Petitioner's family ties and employment and weighed them against those factors. (*Id.* at 7:20–24.) And the immigration judge denied bond because Petitioner "did not establish he did not pose a flight risk," (*id.* at 7:23–24), which tracks the burden that § 1226(a) places on a detainee. *See* ECF No. 17 at 3 (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018)); *Matter of Guerra*, 24 I&N Dec. 37, 38 (BIA 2006). That is an individualized determination. Petitioner's reply characterizes the factors the immigration judge cited as generic to broad categories of detainees (ECF No. 16 at 5–6), but each is drawn from Petitioner's own history, and how much weight they deserve against his family ties and employment is the weighing that § 1226(e) commits to the immigration judge. Nor did the Opinion, as Petitioner suggests, equate the opportunity to present evidence with an individualized determination; it addressed them separately. (ECF No. 17 at 4.)

*Petitioner's real complaint is that the immigration judge did not mention the sponsor.* That is a complaint about the extent of the immigration judge's explanation and the weight given to one category of evidence, not about whether the hearing produced an individualized determination. Precedential Third Circuit authority frames the due process question the same way: it is not whether the agency reached the correct decision, but whether it made an individualized determination of the alien's interests, and its decision need only provide sufficient indicia that it did. *See Kamara*, 420 F.3d at 211–12. The Third Circuit rejected an analogous argument in *Ghanem*, where the detainee argued that the Board of Immigration Appeals "did not conduct any individualized analysis" of his evidence. 2022 WL 574624, at *2–3. The court explained that the contention "amounts to an allegation of improper evidence weighing," which is "not within [its] authority to consider," and that disagreement about the outcome of a bond hearing does not mean the hearing violated due process. *Id.* Although *Ghanem* is not precedential, the Court finds its reasoning persuasive, and it follows from the statute. *See* 8 U.S.C. § 1226(e).

*The transcript does not show that the immigration judge refused to consider the sponsor.* A hearing in which the immigration judge declined to consider evidence bearing on flight risk, or applied a categorical rule in place of an assessment of the detainee's own circumstances, would present a different question. This is not that case. Counsel described the sponsor in argument—as a United States citizen who has known Petitioner for eight years and who offered to ensure Petitioner's attendance in court and to keep in touch with counsel—and identified the sponsor's letter and tax returns as Exhibit G. Counsel listed "a bond sponsor" again among the factors showing that Petitioner was not a flight risk. (ECF No. 15-2 at 5:40–45, 6:14–17.) The sponsor was thus before the immigration judge. The immigration judge's ruling draws on counsel's presentation (*id.* at 7:15–19) and describes the "positive factors in the United States, such as the employment and family ties," that were weighed and found outweighed (*id.* at 7:22–23). The words

"such as" indicate that those factors were illustrative, not exhaustive. That the immigration judge did not single out the sponsor does not establish that the sponsor was ignored, and the Court will not presume as much. The Board of Immigration Appeals has declined to draw that inference in comparable circumstances. *See Matter of A-W-M-K-*, 29 I&N Dec. 805, 808–09 (BIA 2026) (rejecting argument that an immigration judge's decision "lacks express findings" on favorable factors, including an affidavit of support, where the Board saw "no reason to disbelieve that this evidence was considered").

*The "no amount of bond" finding is a discretionary judgment.* Petitioner reasons that a finding that no amount of bond can mitigate flight risk "necessarily required consideration of whether the proposed sponsor could mitigate" that risk. (ECF No. 20 at 3.) The premise is fair as far as it goes, but it cuts against Petitioner. If the finding necessarily reflects consideration of whether conditions of release could mitigate the flight risk, then it reflects the immigration judge's conclusion that they could not. Whether a particular sponsor's undertaking, alone or combined with other conditions, would sufficiently reduce a particular flight risk is a quintessential discretionary judgment: it turns on the sponsor's reliability, the strength of the countervailing flight risk factors, and the weight each deserves. An immigration judge has "broad discretion in deciding the factors to be considered," *A-W-M-K-*, 29 I&N Dec. at 809, and "may choose to give greater weight to one factor over others, as long as the decision is reasonable," *Guerra*, 24 I&N Dec. at 40. Section 1226(e) places those judgments beyond this Court's review. *See* 8 U.S.C. § 1226(e); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality opinion) (§ 1226(e) precludes challenges to a "discretionary judgment" or a "decision" regarding detention or release).

The Board decisions that bear on this question are not to the contrary. *Matter of Dobrotvorskii*, 29 I&N Dec. 211, 213–14 (BIA 2025), holds that a "valid, reliable, and credible sponsor" is "relevant to the determination of flight risk," but it also describes flight risk as "a

question of judgment" that the Board reviews de novo, *id.* at 212—a review that § 1226(e) forecloses to this Court—and it recognizes the immigration judge's "broad discretion in deciding whether to release an alien on bond," *id.* at 215. The Board has since explained that the weight a sponsor's undertaking deserves depends on the sponsor's relationship to the respondent, the sponsor's demonstrated financial ability, and whether the sponsor has assumed an enforceable obligation. *See Matter of M-S-V-*, 30 I&N Dec. 130, 134–35 (BIA 2026) (giving limited weight to a friend's offer of support that created no enforceable obligation and was unaccompanied by evidence of the friend's financial ability). The Board has likewise recognized that an immigration judge may permissibly conclude, on a record containing serious adverse flight risk evidence, that "no reasonable bond amount, even if coupled with alternatives to detention, could be calculated to ensure [the respondent's] appearance." *A-W-M-K-*, 29 I&N Dec. at 809 (citing *Matter of Akhmedov*, 29 I&N Dec. 166, 168 (BIA 2025)). And *Matter of San Martin*, 15 I&N Dec. 167 (BIA 1974), on which Petitioner relies (ECF No. 20 at 2), shows only that, in setting bond, the Board is concerned primarily with assuring the respondent's appearance; whether a particular bond and conditions would do so is the judgment that § 1226(e) commits to the immigration judge. Relevance is not dispositiveness, and none of these decisions addresses the constitutional minimum for a bond hearing.

*Conclusion.* The Court recognizes the seriousness of Petitioner's continued detention and the strength of the family ties he describes. But Congress has limited the Court's role to ensuring that the bond hearing was fundamentally fair, and this hearing was. Having considered the sponsor argument, the Court adheres to that conclusion. Petitioner's disagreement with how the immigration judge weighed the evidence, including the sponsor's undertaking, is not a basis for relief on reconsideration. *See P. Schoenfeld*, 161 F. Supp. 2d at 353. The Motion is therefore denied insofar as it asks the Court to vacate its holding that Petitioner received a fundamentally fair bond

hearing and insofar as it seeks a new bond hearing. Nothing in this Opinion precludes Petitioner from pursuing the administrative remedies available to him, including a request for a bond redetermination upon a showing that his circumstances have materially changed since the immigration judge's May 21, 2026 decision. *See* 8 C.F.R. § 1003.19(e).

### C. The Emergent Applications

Petitioner's emergent applications ask the Court to restrain the Respondents from transferring him outside the District of New Jersey while the Motion for Reconsideration remains pending. (ECF No. 19; *see* ECF No. 24 at 1–2, 4.) The October 22 application also asks the Court to order Petitioner's return to this District if he has already been transferred and to require twenty-four hours' written notice to counsel of any intended transfer. (ECF No. 24 at 4.) According to Petitioner's counsel, the Respondents take no position. (*Id.*)

Both applications seek interim relief only while post-judgment proceedings remain pending. (ECF No. 24 at 1–2.) Petitioner invokes the All Writs Act, which authorizes writs "necessary or appropriate in aid of" the Court's jurisdiction, 28 U.S.C. § 1651(a), and he seeks relief equivalent to the earlier transfer restraint "for the limited period in which ECF Nos. 19 and 20 remain undecided." (ECF No. 24 at 3.) He does not contend that the earlier restraint (ECF No. 3) remains operative. (*Id.*) Because the Court resolves the Motion in this Opinion, no matter remains pending in aid of which the requested restraint could issue, and the applications are denied as moot. This ruling is without prejudice to any application Petitioner may make for relief pending appeal. *See* Fed. R. App. P. 8(a)(1).

## IV. <u>CONCLUSION</u>

For the reasons stated above, Petitioner's Motion for Reconsideration (ECF No. 20) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted to the extent that the Court

corrects its description of the immigration judge's findings (Part III.A) and has considered the sponsor argument that the Opinion did not separately address (Part III.B). Upon reconsideration, the Court adheres to its conclusion that Petitioner received a fundamentally fair bond hearing. The Motion is denied in all other respects, including Petitioner's request for a new bond hearing; his request for expedited consideration is denied as moot. The Court's July 20, 2026 Opinion and Order (ECF Nos. 17, 18) otherwise remain in effect. Petitioner's emergent applications (ECF Nos. 19, 24) are **DENIED AS MOOT**. An appropriate Order follows.

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**